Jacob S. Wessel, Esq.  ISB #7529
THOMSEN HOLMAN WHEILER, PLLC
1000 Riverwalk Drive, Suite 300
Idaho Falls, ID  83402
Telephone (208) 522-1230
Fax (208) 522-1277
wessel@thwlaw.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTOPHER HODGES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | COMPLAINT AND DEMAND |
| | ) | FOR JURY TRIAL |
| PHOENIX FIRE PROTECTION, LLC, | ) | |
| ASPEN FIRE SUPPLY LTD. LLC, | ) | |
| and TRENT BICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Christopher Hodges, for cause of action against Defendants Phoenix Fire

Protection, LLC, Aspen Fire Supply Ltd. LLC and their owner and manager Trent Bice hereby

states and allege as follows:

## NATURE OF THE ACTION

1.      This is an action against Phoenix Fire Protection, LLC, Aspen Fire Supply Ltd.

LLC and their owner and Manager Trent Bice for their failure to pay Plaintiff's overtime

compensation when he worked more than forty hours per week pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. §216(b).

2.      This is an action for Defendants' Phoenix Fire Protection, LLC, Aspen Fire Supply

Ltd. LLC failure to pay Plaintiff's wages in violation of Idaho Code §45-601, *et seq.*

3.      This is also an action for Defendants' breach of the employment contract

in failure to pay wages and for breach of the common law of the State of Idaho.

## JURISDICTION AND VENUE

4.      This action arises under 29 U.S.C. §207 and this Court has jurisdiction over the

subject matter of this complaint pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act of

1938.

5.      Costs and attorney's fees may be awarded pursuant to 29 U.S.C. §216(b) and Fed

R Civ P 54. 4.

6.      The employment practices alleged herein were committed in the District of Idaho,

County of Bonneville.

7.      The court has jurisdiction over plaintiff's state law claims set forth in this

complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28

U.S.C. § 1367(a).  Both the federal and state law claims alleged herein arose from a common

nucleus of operative fact, the state action is so related to the federal claim that they form part of

the same case or controversy, and the actions would ordinarily be expected to be tried in one

judicial proceeding.

## PARTIES

8.      Plaintiff Christopher Hodges is a United States Citizen who, at all times relevant

hereto, resided in Idaho Falls, Bonneville County, Idaho.

9.      Defendant Phoenix Fire Protection, LLC is an Idaho Corporation in good standing

with its principal place of business in Nampa, Canyon County, Idaho, but has an office in Idaho

Falls, Bonneville County, Idaho where Plaintiff worked for this defendant.

10.      Defendant Aspen Fire Supply Ltd. LLC is an Idaho Corporation in good standing

with its principal place of business in Nampa, Canyon County, Idaho, but has an office in Idaho Falls, Bonneville County, Idaho where Plaintiff worked for this defendant.

11.     Defendant Trent Bice is an individual residing in Nampa, Canyon County, Idaho.

12.     Defendants Phoenix Fire Protection, LLC, Aspen Fire Supply Ltd. LLC employ and have employed during the relevant periods more than 15 employees and were engaged in an industry affecting commerce.  At all material times, Defendants Phoenix Fire Protection, LLC, Aspen Fire Supply Ltd. LLC were and are employers within the meaning of 29 U.S.C. §203(d) and Idaho Code § 45-614.

13.     Defendant Trent Bice acted directly or indirectly in the interest of the other two Defendants and is thus an employer himself and subject to personal liability for FLSA violations pursuant to 29 U.S.C. §203(d).

14.     The acts and omissions complained of herein occurred in the District of Idaho, County of Bonneville.

**FACTS COMMON TO ALL COUNTS**

15.     Plaintiffs incorporate paragraphs 1 through 14 of this Complaint and Demand for Jury Trial as if set for fully herein.

16.     Plaintiff Hodges worked for Phoenix Fire Protection, LLC, Aspen Fire Supply Ltd. LLC, and Trent Bice as a fire systems technician from February 14, 2019 until May 5, 2021 (92 weeks) and from December 13, 2021 until April 4, 2022 (16 weeks).

17.     At all relevant times, owner Trent Bice was Plaintiff's supervisor, manager, and owner of the other two Defendants.

18.     During his employment with Defendants, Plaintiff Hodges was only paid for forty

(40) hours per week although he worked on average 14.5 hours per day, four (4) days per week, totaling an average of fifty-eight (58) hours per week.

19.   Before Plaintiff started working for Defendants, Defendants implemented and enforced a rule that employees could not be paid for drive time from Defendants' office in Idaho Falls to the job site in Jackson, Wyoming.

20.   Plaintiff worked each week from Monday to Thursday arriving at the office at 4:30 a.m.; he would then use a work vehicle to travel to Jackson Wyoming, and come back to Defendant's office by about 7:00 p.m. each evening.

21.   Defendant paid Plaintiff for 10 hours per day although he worked on average 14.5 hours per day.

## COUNT I: FAILURE TO PAY OVERTIME WAGES
## (FAIR LABOR STANDARDS ACT)

22.   Plaintiffs incorporate paragraphs 1 through 21 of this Complaint and Demand for Jury Trial as if set for fully herein.

23.   Starting on February 14 2019, for Defendants Phoenix Fire Protection, LLC and Aspen Fire Supply Ltd. LLC employed Plaintiff to work as a fire protection specialist in Idaho Falls, Idaho and Jackson, Wyoming.  Defendant Trent Bice hired Plaintiff to perform the work. All three Defendants are "employers" within the meaning of 29 USC §203(d).  Trent Bice at all times exercised control over the nature and structure of the employment relationship between Plaintiff and Phoenix Fire Protection, LLC and Aspen Fire Supply Ltd. LLC; Phoenix Fire Protection, LLC and Aspen Fire Supply Ltd. LLC at all times maintained economic control over the relationship between Plaintiff and Phoenix Fire Protection, LLC and Aspen Fire Supply Ltd. LLC.

24.     During Plaintiffs employment until on or about April 4, 2022, Defendants promised to pay Plaintiff $19.00 per hour; this was his regular rate of pay pursuant to the FLSA.

25.     During the course of his employment with Defendants, Defendants regularly and consistently required Plaintiff, as a condition of continued employment, to work in excess of forty hours per week. Based upon available records, Plaintiff estimates that he worked, on average, eighteen (18) hours per week in excess of forty hours.

26.     This court has jurisdiction pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act of 1938, and pursuant to 28 U.S.C. §1367(a).

27.     Defendants are employers within the meaning of 29 U.S.C. §203(d); they are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1), Fair Labor Standards Act of 1938.

28.     Notwithstanding the fact that defendants required plaintiff to regularly and consistently work in excess of forty hours per week, defendants failed to pay to plaintiff overtime compensation as required by 29 U.S.C. §207(a)(1), Fair Labor Standards Act of 1938.

29.     Pursuant to 29 U.S.C. §207(a)(1), Defendants were required to pay not less than one and one-half times his regular rate at which he was employed; one and one-half times $19.00 per hour equals $28.50 per hour that Plaintiff should have been paid for every hour over 40 hours he worked each week.

30.     Plaintiff worked for Defendants for 108 weeks at an overtime rate of $28.50 per hour for an average of 18 hours in excess of 40 hours per week for a total of $55,404.00 of unpaid overtime compensation.

31.     Pursuant to 29 U.S.C. §216(b), plaintiff is entitled to recover from Defendants the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages for damages, exclusive of fees, costs, and interest, of $110,808.00.

32.     Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover from Defendants Plaintiffs' reasonable attorney fees incurred in this action as well as the costs of the action.

**(COUNT III)**
**(BREACH OF EMPLOYMENT CONTRACT)**
**WAGE CLAIMS**

33.     Plaintiffs reallege the allegations set forth in paragraphs 1 through 32 above as if set forth at length herein.

34.     On or about February 4, 2019, Plaintiff and Defendants entered into an employment agreement with Plaintiff wherein Plaintiff worked for Defendants in exchange for, among other benefits, wages in the form of hourly pay in the amount of $19.00 per hour for hours under 40 per week and $28.50 per hour for hours in excess of 40 per week.

35.     On or about April 4, 2022 Plaintiff's Employment ended, but Defendants did not pay him wages owed, and Defendants continue to refuse to pay Plaintiff's wages.

36.     Pursuant to Idaho Code § 45-614, Plaintiff is claiming additional wages for weeks that he was paid partial wages owed, so he is entitled unpaid wages going back one year from the filing of this Complaint and Demand for Jury Trial; in the year before this Complaint was filed, Plaintiff worked for nineteen (19) weeks, and was not paid for work done on an average of eighteen (18) hours per week with all hours being overtime hours.

37.     Plaintiff should have been paid, but was not paid for 19 weeks, for 18 hours per week, at the overtime rate of $28.50 per hour.

38.     Defendants owe Plaintiff, despite demands and after crediting all payments

Defendants made to Plaintiff, the sum of $9,747.00, plus treble damages awarded pursuant to Idaho Code § 45-615 resulting in the sum total of $29,241.00 owing, plus prejudgment interest, attorney fees, and costs.

39.     Plaintiff is entitled to an award of interest, attorney fees, and costs pursuant to Idaho Code § 45-615(2).

## BREACH OF CONTRACT

40.     Plaintiffs reallege and incorporate the previous paragraphs as if fully set forth herein.

41.     Plaintiff pleads this claim and the following claims in the alternative against Defendants pursuant to their right to "set forth two or more statements of a claim alternatively or hypothetically." *See* I.R.C.P. 8(e)(2) and Idaho Code § 5-335.

42.     On or about February 14, 2019, Plaintiff entered in to an oral agreement with Defendants whereby Plaintiff agreed to work for Defendants and Defendants agreed to pay Plaintiff a wage of $19.00 per hour for hours worked under 40 per week and $28.50 per hour for hours worked in excess of 40 per week.

43.     Plaintiff performed under this agreement by working for Defendant from February 14, 2019 until May 5, 2021 (92 weeks) and from December 13, 2021 until April 4, 2022 (16 weeks).

44.     Defendant had a duty to perform under the Agreement and has failed to do so although Plaintiff performed all of his obligations under the employment agreement.

45.     Plaintiff has demanded that Defendants perform their obligation under the Agreement, but Defendants have breached the Agreement by failing to do so.

46.     Defendants' failure to perform their obligations has resulted in Plaintiff's

loss of the benefit of the bargain and in damages to Plaintiff in an amount to be proven at trial but in no event less than $55,404.00 plus prejudgment interest, attorney fees, and costs.

## UNJUST ENRICHMENT AND/OR QUANTUM MERUIT

47.    Plaintiff realleges and incorporates the previous paragraphs as if fully set forth herein.

48.    Pursuant to the Agreement, Plaintiff provided a benefit to Defendants in the form of work at Defendant's office in Idaho Falls, ID.  Plaintiff relied upon the Agreement and reasonably expected that Defendant would provide payment of wages.

49.    Defendant knowingly and voluntarily accepted the benefit of Plaintiff's services.

50.    Defendant has refused to reimburse Plaintiff the money it owes to Plaintiff pursuant to their agreement resulting in damage to Plaintiff as set forth herein.

51.    It would be unjust, inequitable and unfair for Defendant to retain the benefits of Plaintiff's work without compensating Plaintiff the full value, which it received.

52.    Plaintiff is entitled to payment of the wages and tips owed in an amount to be proven at trial, but in no event less than $55,404.00 plus prejudgment interest, attorney fees and costs.

## PROMISSORY ESTOPPEL

53.    Plaintiff realleges and incorporates the previous paragraphs as if fully set forth herein.

54.    Defendants made a specific promise to Plaintiff to provide Plaintiff with wages in the amount of $19.00 per hour and $28.50 per hour for overtime in return for Plaintiff's services to Defendant.

55.    Plaintiff reasonably relied upon Defendants' promises and continued to

work for Defendants until April 4, 2022.

56.    Plaintiff now stands to suffer economic loss as a result of such reliance.  The loss was and should have been foreseeable to Defendants.

57.    As a result of his reasonable reliance on Defendants' promise, Plaintiff has suffered substantial economic loss that was or should have been foreseeable by the Defendants in an amount to be proven at trial, but in no event to be less than $55,404.00 plus prejudgment interest, attorney fees, and costs.

## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

58.    Plaintiff realleges and incorporates the previous paragraphs as if fully set forth herein.

59.    The Defendants' conduct constitutes a breach of the implied covenant of good faith and fair dealing by denying Plaintiff his wages.

60.    Defendants' material breach of this covenant is a direct and proximate cause of damages to Plaintiff.

61.    Plaintiff has been damaged in an amount to be proven at trial, but in no event less than $55,404.00 plus prejudgment interest, attorney fees, and costs.

## DAMAGES

62.    Plaintiff incorporates paragraphs 1 through 61 of this Complaint and Demand for Jury Trial as if set for fully herein;

63.    Plaintiff is entitled to damages in amounts to be proven at trial for violation of the Fair Labor Standards act for not paying overtime compensation, plus an additional amount in liquidated damages.

64.    In addition to his FLSA claims, Plaintiff is entitled to an award of damages in an

amount to be proven at trial to exceed $55,404 plus prejudgment interest together with post-judgment statutory interest thereafter pursuant to his breach of contract and common law claims.

65.     For plaintiffs' reasonable attorney fees and costs incurred herein pursuant to 42 USC §12117(a), 42 USC §12205, 29 U.S.C. §216(b) and Idaho Code§§12-120, 12-121, Idaho Code § 45-615, I.R.C.P. 54, and all other applicable statutory and common law; and all other applicable statutory and common law; and

WHEREFORE, Plaintiffs request the court to:

1.     Assume jurisdiction over all of Plaintiff's causes of action set forth herein;

2.     Order Defendants to pay Plaintiff's overtime claims and liquidated damages on Plaintiff's FLSA claims.

3.     For an award of damages to Plaintiff in an amount to be proven at trial on Plaintiff's wage, contract, and common law claims, plus prejudgment interest together with post-judgment statutory interest thereafter.

4.     Award all Plaintiffs their costs of suit and reasonable attorney fees, costs and expert witness fees pursuant to 42 USC §12117(a), 42 USC §12205, 29 U.S.C. §216(b) and Idaho Code§§12-120, 12-121, Idaho Code § 45-615, I.R.C.P. 54, and all other applicable statutory and common law; and

5.     For such further or alternative relief in favor of Plaintiff as the court deems appropriate.

DATED this 18th day of April, 2022.

THOMSEN HOLMAN WHEILER, PLLC

BY:    _____/s/_____
                Jacob S. Wessel, Esq.

## JURY TRIAL DEMAND

Plaintiff demands jury trial on all issues triable to a jury in this matter.

DATED this 18th day of April, 2022.

THOMSEN HOLMAN WHEILER, PLLC

By:_____/s/_____
                Jacob S. Wessel, Esq.

## VERIFICATION

Christopher Hodges, being first duly sworn upon oath, deposes and states that he has read the foregoing **COMPLAINT AND DEMAND FOR JURY TRIAL**, knows the contents thereof, and believes that the allegations therein are true and correct to the best of his current knowledge, information, and belief.

_____
Christopher Hodges

SUBSCRIBED AND SWORN to on oath before me this 18th day of April, 2022.

(Seal)

Notary Public for Idaho
Residing at: Idaho Falls
My Commission Expires: 5-14-2023

11 — COMPLAINT AND DEMAND FOR JURY TRIAL